Argued January 20, affirmed March 1, 1976

STATE OF OREGON, *Appellant,*
*v.*
HENRY OLIVER GILL, *Respondent.*
(No. C 75-04-1159 Cr, CA 4751)
546 P2d 786

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, Salem, and W. Michael Gillette, Solicitor General, Salem.

*Stephen A. Houze,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

**FORT, J.**

Defendant was charged with the crime of being an ex-convict in possession of a firearm, ORS 166.270. The state appeals from the granting of defendant's motion to suppress a statement he made to police officers.

Acting on the tip of an informant that defendant was in possession of Ritalin, a dangerous drug, three police officers stopped his car. While one officer searched defendant at the rear of his car, another, while searching the interior of the car, lifted the purse of a woman companion from the seat and found a loaded revolver under it. One of the officers showed the revolver to defendant and asked, "What is this for?" Defendant replied that he was taking the gun and a television set home from the Hilltop Cafe because the place had been broken into several times and he did not want to lose them. Later one of the officers asked defendant if he had a criminal record, to which defendant replied that he was on parole from a murder conviction.

The defendant was not given a *Miranda*[1] warning at any time during the search and questioning. After the search of defendant and his car, the officers found no drugs and let defendant go, although they kept the gun for further investigation. The officers testified that defendant was not free to leave before they had completed their search.

When defendant was later arrested for being an ex-convict in possession of a firearm he moved to suppress all evidence seized or received from him at the above search and questioning. At a hearing on the motion the state acknowledged that defendant was in custody during the questioning. It conceded that his statement in response to the question about his criminal record should be suppressed.

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

The court suppressed both of the statements. The state appeals from the part of the order suppressing defendant's statement in response to the question, "What is this for?" The state contends that the question was of a general nature and outside the scope of *Miranda* since at that time the officers did not know that defendant was an ex-convict.

At the trial court hearing the deputy district attorney conceded:

> "* * * It is illegal to drive a car with a loaded weapon in it in this community. There is a local municipal ordinance against it. And this gun was loaded and in the car, and, therefore, the seizure is based on a situation that has to do with a probable cause search, leading them to a crime being committed in their presence. * * *"

Since the three police officers were members of the Portland Police Department, it is a reasonable inference that they were familiar with that city ordinance and thus had probable cause to believe that defendant was committing a crime with respect to that gun, albeit a violation of the city ordinance. That the crime may be a different one from that ultimately charged does not alter the necessity of complying with *Miranda.*

The state relies on *State v. Cobb,* 22 Or App 510, 539 P2d 1140, Sup Ct *review denied* (1975), in which this court held that asking a person in custody who owned the automobile in which she had been riding during a high speed chase was of a "routine and relatively administrative nature." 22 Or App at 516. In that case, at 515, we said, relying on McCormick, Evidence 329, § 152 (3d ed 1972):

> " ' "A statement obtained without giving the *Miranda* warnings and according the defendant the prescribed rights is inadmissible only if it is the result of 'questioning' or 'interrogation.' * * * Where the police action is merely routine gathering of information to be used for standard administrative purposes, the warnings have not been required because the police action was

*neither intended nor reasonably likely to elicit incriminating information* * * *." * * *' " (Emphasis added.)

Under the circumstances here we agree with the trial court that the officer's question to defendant while he was in custody asking what the gun was for was reasonably likely to elicit incriminating information, and also that it was a reasonable inference for the trier of fact to conclude that it was intended for that purpose, as the court in effect found. The *Miranda* warning should have preceded such a question. The trial court was correct in suppressing the answer to it.

Affirmed.